**[J-16-2018][M.O. - Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 738 CAP |
| | : | |
| Appellee | : | Appeal from the Judgment of Sentence |
| | : | entered on 5/15/15 in the Court of |
| | : | Common Pleas, Washington County, |
| | : | Criminal Division at No. CP-63-CR- |
| v. | : | 0000236-2012 |
| | : | |
| | : | |
| JORDAN ALEXANDER CLEMONS, | : | |
| | : | |
| Appellant | : | SUBMITTED:  April 9, 2018 |

*CONCURRING OPINION*

**CHIEF JUSTICE SAYLOR**                          **DECIDED:  January 23, 2019**

I join Sections I-IV and VI-X of the majority opinion, and concur in the result as to Section V.

Section V relates to the assertion that the trial court erred in not providing a voluntary intoxication instruction.  Although I agree Appellant is not entitled to relief on this claim, I would not conclude that "the record is devoid of *any evidence* proving that [Appellant] actually ingested any intoxicants" during the relevant timeframe.  Majority Opinion, *slip op.* at 38 (emphasis added).  As the majority notes, there was evidence that Appellant may have used drugs at some point in time close to the incident, and he was perceptibly intoxicated when he was taken in for questioning by the police. Although these proofs do not establish the time at which Appellant may have ingested

drugs or alcohol, they do make it more likely that he was under the influence of some sort of intoxicant at the time of the murder. I nonetheless concur in the result because, in my view, the evidence was insufficient to allow a reasonable jury to find that Appellant acted subject to diminished capacity at the relevant time. *See generally Commonwealth v. Markman*, 591 Pa. 249, 284-85, 916 A.2d 586, 607 (2007) (explaining that defendants are constitutionally entitled to an instruction on any recognized defense for which there is sufficient record evidence to allow a reasonable jury to find in his favor).

With that said, when there is some evidence along these lines, determining whether it is sufficient to entitle the defendant to the requested instruction may be an imprecise undertaking. As such, it would be preferable if, in close cases, trial courts simply gave the instruction and let the jury weigh the facts accordingly. Such practice would enhance the fairness of the trial, avoid the risk of error resulting in the grant of a new trial, and reduce the need for appellate courts to make those types of sufficiency determinations on a cold record.